UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD DANIELS,

    Plaintiff,

v.

HOME DEPOT U.S.A, INC.,

    Defendant.
_____/

## NOTICE OF REMOVAL

The Defendant, HOME DEPOT U.S.A, INC., (hereinafter "Home Depot"), hereby files this Notice of Removal of Cause pursuant to 28 U.S.C. §1441, *et seq.*, and 28 U.S.C. §1332, to remove to the United States District Court, Middle District of Florida, Tampa Division (the "Federal Court"), that cause of action presently pending in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida (the "State Court"), Case No. 22-CA-002928, and styled *RONALD DANIELS, Plaintiff, v. HOME DEPOT U.S.A, INC., Defendant*, and in support of this Notice of Removal of Cause, states as follows:

## INTRODUCTION

1. This action arises out alleged damages sustained by Plaintiff, RONALD DANIELS, at a Home Depot store located at 8815 North Florida

Avenue, Tampa, Hillsborough County, Florida, on December 30, 2020. (*See* Compl. ¶¶ 5-6, 10; attached hereto as **Exhibit "A"**).

2.     Home Depot comes now and files this Notice of Removal based on diversity of jurisdiction, pursuant to 28 U.S.C. §1441, *et seq.*, and 28 U.S.C. §1332.

## COMPLETE DIVERSITY OF CITIZENSHIP

3.     At the time of the alleged incident giving rise to this matter, and at all subsequent times material hereto, Plaintiff was and is a resident of Hillsborough County, Florida. (*See* Compl. ¶ 3).

4.     Further, based on Plaintiff's medical records from the date of the incident at issue on December 30, 2020 to his last documented date of treatment in April 2021, Plaintiff has maintained one residence in Tampa, Hillsborough County, Florida. (*See* Plaintiff's Medical and Billing Records; attached hereto as **Composite Exhibit "B."**).

5.     Moreover, Plaintiff's Identification Card—which was issued by the State of Florida in 2016 and will expire in 2024—lists a residence in Tampa, Hillsborough County, Florida. (*See* Plaintiff's Florida Identification Card; attached hereto as **Exhibit "C."**).

6.     Home Depot knows of no other addresses for Plaintiff, including no other residences outside the State of Florida.

7. Based on the foregoing, it is clear that Plaintiff is a citizen of Florida, as he is domiciled within the State, and would have the intention to return to his fixed and permanent home within the state if ever absent. *See Mikesell v. FIA Card Services,* 936 F.Supp.2d 1327, 1330 (M.D. Fla. 2013) ("A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." ) (citing *McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir.2002)).

8. Home Depot is a foreign corporation organized under the laws of the State of Delaware and which has its principal place of business in the state of Georgia at 2455 Paces Ferry Road, Atlanta, Georgia 30339. (*See* Defendant's Annual Reports; attached hereto as **Composite Exhibit "D"**). Home Depot is not organized under the laws of the state of Florida, and does not have its principal place of business in the state of Florida. Therefore, Home Depot is not a citizen of the State of Florida.

9. This Notice of Removal of Cause is founded upon diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441, and complete diversity of citizenship exists between the Plaintiff and Home Depot.

## AMOUNT IN CONTROVERSY

10. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in this case exceeds the required $75,000 jurisdictional threshold.

11. As the party seeking removal, "Defendant bears the burden of establishing jurisdiction." *Houston v. Garrison Prop. & Cas. Ins. Co.*, No. 8:14-CV-01944-EAK, 2014 WL 6469608, at *2 (M.D. Fla. Nov. 17, 2014); *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1207 (11th Cir. 2007). If a specific amount of damages is not pled, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Houston*, 2014 WL 6469608, at *2 (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir.2001)).

12. Here, Plaintiff's Complaint alleges damages in excess of the State Court's $30,000.00 jurisdictional threshold. (*See* Compl. ¶ 1).

13. As the basis for his damages, Plaintiff claims that he was "injured in and about his body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff, RONALD DANIELS, will sustain said loss in the future." (*See* Compl. ¶ 10).

14. Prior to the initiation of suit, Plaintiff produced several medical bills that allegedly form the basis of his damages in the matter at hand. These

past medical bills total: $129,703.29. (*See* Plaintiff's Medical Bills; attached hereto as **Composite Exhibit "E"**).

15.   As an aside, Plaintiff may argue that although he was billed over $129,000.00 for past medical treatment, his bills have been, or will be, paid by insurance. However, adherence to such an argument would be inapposite to well established law.

16.   This Court is replete in holding that "subject matter jurisdiction is not defeated simply because the parties might anticipate a future reduction in recoverable damages." *Stramiello v. Petsmart,* Inc., No. 8:10-cv-659-T-33TGW, 2010 WL 2136550 (M.D. Fla. May 26, 2010); s*ee also Henry v. K-Mart Corp.*, 2010 WL 5113558 (M.D. Fla. Dec. 9, 2010) (agreeing with *Stramiello* that collateral source setoffs are not relevant to calculating jurisdiction amount at time of removal); *O'Toole v. Napa Home & Garden, Inc.*, No. 8:11-cv-2724-T-23AEP, 2012 WL 12904228 (M.D. Fla. June 26, 2012) ("**That Florida law might require a set-off at final judgment that reduces [Plaintiff's] final recovery to or below $75,000 does not affect the jurisdictional amount in controversy at the outset of litigation.**") (emphasis added).

17.   Notwithstanding the foregoing, Home Depot asserts that it has nevertheless met its burden of showing by a preponderance of the evidence that the amount in controversy surpasses the jurisdictional threshold of $75,000.00. Specifically, Plaintiff also asserts future annual medical care

ranging from $2,500 to $4,000, in addition to a future surgery at an estimated cost of $65,000. (*See* Plaintiff's Recommended Future Medical Care; attached hereto as **Composite Exhibit "F"**).

18. Accordingly, Plaintiff's alleged and proffered damages not only satisfy, but exceed the Federal Court's $75,000.00 jurisdictional threshold required under 28 U.S.C. §1332(a).

## SATISFACTION OF OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL

19. Home Depot has filed with the Clerk of the State Court a Notice that this Cause has been removed. There has been no waiver by Home Depot of any right to remove this cause to the Federal Court. Filed under a separate Notice of Filing and incorporated herein are copies of all process, pleadings, orders and other papers or exhibits of every kind on file in the State Court.

20. This Notice of Removal of Cause was timely filed within thirty (30) days of April 27, 2022, the date upon which Home Depot was served with the Complaint.[1] (*See* Notice of Service of Process, dated April 27, 2022; attached hereto as **Exhibit "G"**).

---

[1] "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).

21. The undersigned counsel are attorneys of record for Home Depot and have been specifically authorized to act in seeking removal of this cause to the Federal Court.

WHEREFORE, Defendant, Home Depot, hereby removes this cause from the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to the United States District Court, Middle District of Florida, Tampa Division, and requests that all further proceedings be conducted in this Court as provided by law.

RESPECTFULLY SUBMITTED this **24th day of May, 2022**.

> By: */s/ Meghan L. Theodore*
> Anthony J. Petrillo
> Florida Bar No.: 874469
> Meghan L. Theodore
> Florida Bar No. 52054
> Matthew P. Moschell
> Florida Bar No.: 1018921

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this date, a true and correct copy of the foregoing was filed with the Clerk of the Court via the CM/ECF system and an electronic copy was furnished to: **Brad Culpepper, Esq.**, Culpepper Kurland, PLLC, 101 E. Kennedy Blvd., Suite 2300, Tampa, FL 33602, service-Bculpepper@ckfirm.com, *Counsel for Plaintiff;* via the CM/ECF system, on this **24th day of May, 2022.**

**LUKS, SANTANIELLO, PETRILLO,
COHEN & PETERFRIEND**
100 N Tampa Street, Suite 2120
Tampa, FL 33602
Tel: 813/226-0081;
Fax: 813/226-0082
Primary:  LuksTpa-Pleadings@LS-Law.com
Secondary: Mtheodore@insurancedefense.net
Tertiary: MMoschell@insurancedefense.net
*Counsel for Defendant, , Home Depot, U.S.A., Inc.*

_____
**ANTHONY J. PETRILLO, ESQ.**
*Board Certified Civil Trial Lawyer*
Florida Bar No. 874469
**MEGHAN L. THEODORE, ESQ.**
Florida Bar No. 52054
**MATTHEW P. MOSCHELL, ESQ.**
Florida Bar No. 1018921